IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. MACK
    *Plaintiff*,

vs

MIDLAND CREDIT
MANAGEMENT, INC.
    *Defendant*.

Case No. 4:14-cv-481-RAS-DDB

### PLAINTIFF DAVID E. MACK'S SUR-REPLY IN SUPPORT OF HIS OPPOSITION TO DEFENDANT MIDLAND CREDIT MANAGEMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**COMES NOW** Plaintiff, David E. Mack ("Mack"), pursuant to Local Rule 7(f) with his Sur-Reply in support of his Opposition and Memorandum to Defendant Midland Credit Management, Inc.'s ("MCM") Motion for Judgment on the Pleadings and states:

### ARGUMENT

MCM in its response to Mack's opposition to its Motion for Judgment On The Pleadings states that Mack's opposition is devoid of legal authority but apparently did not note where Mack showed the Court that the authorities cited by the MCM in its motion were, in fact, erroneous, not analogous, and therefore did not support its motion in any manner.

MCM again argues that all four requirements necessary for *res judicata* have been met when nothing could be further from the truth. MCM once again drones on about "the same cause of action" being brought in the instant case as the first case where it made an Offer of Judgment which was accepted and Judgment was entered by the Court. MCM appears to not understand

the meaning of the word "same" and words such as "separate," "distinct," and "unique."[1] As shown by Mack, each phone call was a **separate, distinct, and unique occurrence**. Each phone call requires proof of an additional fact (specific date and time of **that** call) which makes them NOT the same. *See Blockburger v. United States*, 284 U.S. 299 (1932)

MCM also ventures off in left field once again in its argument about Mack stating he is not a debtor and there was no transaction at issue that *could* be common to the first call made by MCM to Mack and any other call including the one at issue in the instant case. Mack made no argument that there was a requirement that he be a debtor but pointed out to the court that because he was NOT a debtor that there could be no legitimate reason for MCM as a debt collection company to be calling his cell phone to collect a debt which would have created a "common nucleus of operative fact." Were they calling Mr. Mack to see how the weather was in Texas? If so, why weren't they on the line when he answered? Was the call a result of an equipment malfunction, programming error, or? There is not one iota of explanation or evidence before the court to indicate *why* MCM called Mack's phone and each call was obviously a random occurrence. MCM still does not mention or even attempt to explain WHY it was calling Mack's phone yet argues there is a common nucleus of operative facts regarding the calls. It remains conspicuously silent on that issue and dances around it attempting to convince the court that there was some "*mystical yet unidentified*" commonality or "common nucleus of operative facts" relating to the calls. Mack brought up in his opposition the issue of no statement, explanation, evidence, or facts of ANY kind put before the court by MCM as to why it called

---

[1] Black's Law Dictionary 6th Ed. Definition of "*Same*": **identical**, equal, equivalent. Two offenses are "the same" under the double jeopardy clause of the Federal Constitution **unless each requires proof of an additional fact that the other does not.** (emphasis added)
Definition of "*separate*": **individual**; distinct; particular; **disconnected.** (emphasis added)
Definition of "*distinct*": **evidently not identical**; observably or decidedly different. (emphasis added)
Oxford Dictionaries Online http://www.oxforddictionaries.com/us/definition/american_english/unique Definition of "unique": Being the only one of its kind; **unlike anything else.** (emphasis added)

Mack's phone and in its response has again failed to offer any explanation or make any attempt to address the issue with facts rather than innuendo and baseless arguments and its motion should be denied as to the issue of *res judicata*.

MCM cites *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) and *Davis V. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004). Unfortunately MCM once again cites cases that are NOT analogous to the instant case. In *Petro-Hunt* the issues were mineral rights "the United States [defendant] concedes that the ownership of the mineral rights was decided and cannot be revisited here..... This court also finds that the Fifth Circuit applied Act 315 of 1940 to the mineral reservation and sale of the 24,943.93 acre tract to the United State, of which the 800 acres was a part. Accordingly, those minerals underlying the 24,943.93 acre tract were previously held imprescriptible and *res judicata* clearly applies." Those issues are not the least bit analogous to the issues in the instant case as the United States conceded the rights were decided and *res judicata* applies. In Davis the case was about allegations of race discrimination, retaliation, and hostile work environment under Title VII of 42 U.S.C. The appellants Davis and Johnson filed a first suit making accusations of discrimination and retaliation among other things which was dismissed with prejudice. They then filed a second suit clearly alleging discrimination and retaliation once again after the first dismissal with prejudice which was improper and not analogous to the instant case. As Mack has shown with other authorities alleged to be relevant to the instant case those citations do not support the arguments made here either.

MCM again refers to *Beeders* and argues that the plaintiff in that case being a debtor was irrelevant to the court's determination which is not what Mack argues. Mack clearly showed that *Beeders* involved a completely different set of circumstances from those at issue here including

there being a **debt which was central to the issue of the collection attempts** and the basis for the defendant in that case making calls and leaving multiple messages which all had a common nucleus of operative facts (collection of a debt). Mack has shown that each call made to him was a **separate, distinct, and unique occurrence <u>at different points in time for unexplained and unknown reasons</u>** rather than for an identified common purpose such as debt collection. Again, MCM remains silent on **why** the calls were made but would have the court adopt the view there were common facts even though none are identified by evidence before the court.

MCM again argues **"<u>the calls occurred within four days of each other</u>"** and again argues the "same facts" issue when the facts are clearly NOT the same[2] because each call was a **separate, distinct, and unique occurrence** requiring proof of an additional fact (the exact date and time of the call) and made for no apparent or explained common purpose or reason.

MCM again argues that Mack could – and should – have included all of his claims in one lawsuit. It ignores the fact that Mack made every effort both before AND after filing of the first suit in *small claims court* to mitigate costs and engage MCM in settlement discussions to resolve the dispute knowing about its pattern and practice to prejudice *pro se* plaintiffs by moving their cases to the MDL. Small claims court in Texas has a limit of $15,000 for claims and all claims could not have been brought in one action. It has been MCM's choice to move each and every case including this one to this court rather than engage in ANY discussion of the issues to resolve them at the state court level. Mack has made a number of attempts to engage MCM in discussions including most recently on October 23, 2014 via email to Mr. Manley which has yet again elicited no response whatsoever as in the past. MCM unconscionably asks the court to rule that it should have been allowed to severely prejudice Mack and deny him control over his case by forcing circumstances demonstrably favorable to MCM and additionally to preclude

---

[2] See fn 1 Definitions of "same" and "distinct"

Mack from taking any other action necessary to seek redress of his grievances at the suggestion of this Court if it were to identify an alternate track. Mack was above board in his strategy in dealing with MCM's known prejudicial pattern and practice and has refrained from filing or service of process of any further litigation pending guidance from this Court on how he should proceed with this and other cases against MCM.

Again, Mack states that MCM has steadfastly refused to engage in ANY discussion of settlement of matters and instead wants to use the technicalities of the legal system to escape liability for its misdeeds. This is but one more example of the coercive practices employed by MCM in dealing with anyone who would stand up to its egregious behavior and tactics and it should not be allowed to continue doing so. Again, Mack requests the Court Order MCM to engage in good faith mediation to attempt to resolve the issues and should those efforts prove fruitless provide a proper framework for him to move forward to the satisfaction of the Court. Mack has at all times acted in good faith to resolve the issues between the parties and has not engaged in any intentional abusive activities in his litigation.

In its argument MCM also states "**Plaintiff ha[s] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.**" [Doc. 22 pg. 8] citing *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). That selective quote is from a case cited by the Tenth Circuit, *Curtis v. Citibank, N.A.* 226 F.3d 133, 139 (2nd Cir. 2000) where the Second Circuit **also** stated "A court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same. Here they are not entirely duplicative. Thus, dismissal in whole

was inappropriate and we must remand the case." Again, MCM chooses certain select dicta and an authority that does not support its argument.

MCM also cites *Davis v. Pest Mgmt. of Tex. Inc.* and *Powell v. Dallas Morning News LP* when arguing that the court cannot consider matters outside the pleadings when considering a motion for judgment on the pleadings yet Fed. R. Civ. P. 12(d) states:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

MCM asks the court to consider the Offer of Judgment which is outside of the pleadings yet states that information such as emails etc. provided by the Plaintiff should not be considered by the Court. Again, MCM wants a one way street in how the court views the issues and evidence before it. Interestingly, MCM makes that argument in its response [Doc. 22 pg. 5] and yet on the very next page goes on to ask the Court to consider an email sent by Mack to Mr. Manley regarding the offer of judgment language. [Doc. 22-1] Let us do it but not Mr. Mack. The old double standard espoused once again. Unfortunately MCM tips its hand by bringing that correspondence to the attention of the Court arguing that it shows Mack knew that MCM was not agreeable to including language limiting the claims to the first lawsuit. What it DOES show is that Mack wanted to make clear that the offer of judgment related to ONLY the claims in the first lawsuit. **MCM never responded to Mack's email to inform him that its offer of judgment had a different meaning than what Mack interpreted it to mean and wanted to clarify through the suggested language.** When Mack accepted the offer of judgment he **stated VERY clearly and unambiguously** in the last few words of his acceptance of the offer "**as**

**related to the causes of action brought in the above styled cause of action.**"[3] Mack did not construe, mean, or understand that his acceptance of the offer was for all claims that *were or could be made* against MCM by him and, in fact, stated otherwise in his acceptance. MCM did NOT argue the language in his acceptance of the offer to either Mack or the Court at any time. It was approximately 6 weeks from Mack's acceptance of the offer and the Order of Judgment by the Court which was more than ample time for MCM to discover and argue the language and obvious meaning in Mack's acceptance if it did not agree with it. Additionally, MCM paid Mack to settle the judgment and Mack filed a Notice of Satisfaction of Judgment with the Court. The rule is designed to encourage settlement and avoid protracted litigation. *Marek v. Chesny*, 473 U.S. at 6. Rule 68 puts significant pressure on the plaintiff, and rejection of an offer can have serious consequences for the plaintiff.[4] Thus although courts apply general principles of contract law when interpreting offers of judgment, they do so through the lens of Rule 68. Courts construe any ambiguity in a Rule 68 offer against defendant.[5] Defendant bears the burden of clearly articulating the intended legal consequences of an offer of judgment because defendant is the master of the offer under Rule 68.[6] We also have held that the "usual rules of contract construction" apply to a Rule 68 offer of judgment. *Guerrrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995), cert. denied, 116 S.Ct. 2549 (1996) Therefore, ambiguities are construed against the offeror. *Erdman. V. Cochise County*, 926 F.2d 877, 880-81 (9th Cir. 1991).[7]

## CONCLUSION

Because MCM has not shown there is any transaction that could have been the basis for or shown that there is any same nucleus of operative facts relating to the instant lawsuit and the

---

[3] Doc. 18 Exhibit H
[4] *Webb. v. James*, 147 F.3d 617, 6212 (7th Cir. 1998)
[5] See *Webb*, 147 F.3d at 623
[6] See *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, Inc. 298 F.3d 1238, 1244 (11th Cir. 2002)
[7] *Nusom v. Comh Woodburn, Inc.* 122 F.3d 830 (9th Cir. 1997)

prior lawsuit where *res judicata* applies or claim splitting has occurred this Court should deny MCM's Motion for Judgment on the Pleadings.

    WHEREFORE, David Mack respectfully requests this Honorable Court enter an Order denying Defendant's Motion for Judgment on the Pleadings and Order Midland Credit Management, Inc. to engage in good faith mediation with Mr. Mack to attempt to resolve the issues between the parties and in its Order also provide a framework on how Mr. Mack should properly move forward in the District Court should mediation prove fruitless.

Respectfully Submitted,

_____
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated: October 30, 2014

_____
David E Mack

Reid S. Manley
BURR & FORMAN LLP
420 North 20th Street Suite 3400
Birmingham, Alabama 35203